## COVAR v. CANTELOU.

### SAME v. BUTLER.

1. A testator gave a portion of his residuary estate unto and to the use of his executor and his heirs, "in trust for the sole and separate use of T. [a married woman], free and absolute from any rights of her husband, for and during the term of her natural life, and upon her death to be equally divided amongst her children and their heirs forever." Under order of the court, a part of this fund was invested in a tract of land, and afterwards, upon the petition of T. and her substituted trustee (her children then *in esse* not being parties), a portion of this land was sold by order of court. *Held,* that the rights and interest of these children in this land so sold were not divested to by the proceeding to. which they were not parties. *Moseley* v. *Hankinson,* 22 *S. C.,* 323.

2. Whether these children were necessary parties to the proceeding under which money of the trust estate was invested in this land, need not be determined; for if they were, and are not therefore bound by the investment, still they could follow their funds into the land, and this they have elected to do by this action.

3. This case distinguished from *Farr* v. *Gilreath,* 23 *S. C.,* 502.

4. Upon the death of T., the trusts were executed and the fee in the land vested absolutely in the children of T.; and they, having the legal title, could maintain this action in their own names to recover this land.

Before WALLACE, J., Edgefield, October, 1884.

The appeal was from the following decree, omitting its statement of facts:

The legal questions arising upon the facts in this cause were discussed with striking ability at the hearing. The case, I think, lies within a narrow compass. These plaintiffs certainly had an interest in the land sold by the trustee, and although alive at the time of the proceedings to procure authority to sell, were not made parties. If the statute of uses executed the use declared by the will, it was executed in the mother and children, and they had a legal estate. If the statute did not execute the use, the legal title remained in the trustee, and they had an equitable interest. I may say that in my opinion the statute did not execute the use for two reasons. One is that by the terms of the will of Ryan, a use was limited upon a use, and the statute will not execute such a use. Such a limitation was conclusive evidence that the testator intended that the legal title should remain in the trustee. The other reason is, that the trust was created for the benefit of a married woman. These children, then, at the time of the sale had an equitable interest in the land which could not be defeated by proceedings to which they were not parties.

This principle, according to my construction of the cases, has been expressly decided in the recent case of *Leroy* v. *Charleston*, 20 *S. C.*, 71. In that case, land was sold by order of the court, when certain persons, grandchildren of testator, held to be contingent remaindermen, were not made parties to the proceedings, nor was the heir of the trustee, who held the legal title, a party. The court, after referring to and quoting from *Bofil* v. *Fisher* (3 *Rich. Eq.*, 1) as to the power of the court to sell the estates of infants and remaindermen, whether vested or contingent, and referring also to *Van Lew* v. *Parr*, 2 *Rich. Eq.*, 331, and to *Trescot* v. *Smyth*, 1 *McCord Ch.*, 301, uses the following language: "We think the grandchildren in this case, at least those whose names and residence are known, should have been made parties. We think, too, that the proceeding was defective, in the fact that the heir at law of the trustee was not summoned." In that case the sale was held invalid to convey a perfect title upon two grounds: First, that certain infant contingent remaindermen were not par-

ties ; and, second, because the holder of the legal title was not a party.

In this case the holder of the legal title was before the court, as was the life-tenant. All that they had was sold and enjoyed by the purchaser, but the rights of these remaindermen could not be sold under proceedings to which they were not parties, while they were living and known. The purchaser held all he bought, as the trustee and life-tenant held all they had subject to the rights of these plaintiffs. Upon the death of Mrs. Tillman, the fee would have passed to these plaintiffs if the land had not been sold. That was their right under Ryan's will. Under the principles above stated, that right remains unaffected by the sale made, and when Mrs. Tillman died, the fee in the land sold vested absolutely in these plaintiffs.

It is therefore ordered, adjudged, and decreed, that the plaintiffs are entitled to the possession of the land described in the complaint. It is further ordered, that plaintiffs have leave to apply at the foot of the decree for such orders as may be necessary to carry it out.

*Messrs. Sheppard Bros.*, for appellant, who also submitted argument of *Mr. B. W. Bettis, jr.*, deceased.

*Messrs. S. B. Griffin* and *Gary & Evans*, contra.

April 22, 1886. The opinion of the court was delivered by

MR. JUSTICE MCIVER. By the eleventh clause of the will of John Ryan, who died many years ago, he directed as follows : "It is my will and desire that all the rest and residue of my estate, both real and personal, be divided into fourteen equal shares, and I devise and bequeath one of the said shares to each of my grand-nephews [naming them], to them and their heirs forever ; and as to the remaining nine shares, I give, devise, and bequeath the same to my executors hereinafter named, and to the survivors and survivor of them, and to the heirs of the survivor, to the use of my said executors and the survivors and survivor of them, and to the heirs of the survivor, in trust, nevertheless, for the sole and separate use of my grand-nieces, Peggy G. Smith, wife of ——

Smith, Mary E. Tillman, wife of Benjamin Tillman [and seven others, naming them], free and absolute from any rights or control of any husband they may now have or may hereafter have, one of said shares to each of my said grand-nieces, for and during the term of her natural life, and upon her death to be equally divided amongst her children and their heirs forever, the legal representatives of any child of my grand-nieces who may have died to be entitled to the same share as his or her parents would have been if living."

The testator appointed three executors, of whom Christian Breithaupt alone qualified and assumed the duties of the trust. It seems that the share of Mrs. Mary E. Tillman, under the above clause of the will, amounted to seventeen hundred and thirty-five dollars, and that, by an order of the Court of Equity, eight hundred dollars of this sum was invested in a tract of land containing about 367 acres, which was conveyed to the said Christian Breithaupt and the other executors as trustees under the will of the said John Ryan, the petition for leave to make such investment setting out in full the eleventh clause of said will. Subsequently Benjamin Gallman and William G. Gallman were, by an order of the Court of Equity, substituted as trustees for Mrs. Tillman, and soon afterwards, the appointment of William G. Gallman as trustee was revoked by an order of court, leaving Benjamin Gallman as sole trustee.

Sometime in the latter part of 1844, an *ex parte* petition was filed in the Court of Equity by Mary E. Tillman and Benjamin Gallman, praying that the said Benjamin Gallman, as sole trustee as aforesaid, be authorized to sell a portion of said 367 acre tract of land and reinvest the proceeds in other property, to be held on the same trust. To this petition the plaintiffs, who are the children of the said Mary E. Tillman, though all of them were then *in esse* and within the jurisdiction of the court, were not made parties. Under this petition an order was made, permitting the said trustee to sell a portion of said land, not exceeding one-third thereof, and reinvest the proceeds in other property, to be held by him on the trust declared in the eleventh clause of the will above set out.

In pursuance of this order, the trustee, Benjamin Gallman,

sold and conveyed two portions of said land, and the same, by successive conveyances, have come to the defendants in the two actions above stated, who being now in possession, these actions are brought by the plaintiffs as children of the said Mary E. Tillman, who died in 1881, and, as remaindermen under the said eleventh clause of said will, to recover possession of said land. The Circuit Judge held that the plaintiffs were entitled to recover, and rendered judgment accordingly. From this judgment defendants appeal on the following grounds: I. Because the court erred in deciding that the defendants, having purchased the lands described in the complaint under order of court, held the same subject to the equities of plaintiffs. II. Because the court erred in deciding that when the life-tenant, Mrs. Mary E. Tillman, died, the fee to the tract of land described in the complaint vested absolutely in the plaintiffs. III. Because the court erred in ordering, adjudging, and decreeing, that the plaintiffs are entitled to the possession of the land described in the complaint.

The two cases, involving, as they do, the same principles, were heard and will be considered together. It seems to us that the fundamental question raised by this appeal has been determined adversely to the view contended for by appellants by the recent case of *Moseley* v. *Hankinson*, 22 *S. C.*, 323. There can be no doubt that the plaintiffs, as children of Mrs. Tillman, were, upon her death entitled as remaindermen under the will of John Ryan to the share given to her, or for her use, during her life, and when that share, or a portion of it, was invested in the land in question, they thereby acquired an interest in the land which could not be divested by a proceeding to which they were not parties. It is urged, however, that the original fund to which the plaintiffs were entitled in remainder, was not the land now in controversy. but was personal property which was invested in this land by the order of the court in a proceeding to which they were not parties, and, hence, that they have no claim upon the land, but only upon the fund invested. Whether they were necessary parties to the proceeding under which the investment was made, need not now be considered. For even conceding that they were (though we are not to be understood as intimating any opinion upon that question), and that not being parties they were not

bound by the investment, yet that cannot affect the present inquiry. If their funds were invested in land without authority, they had the election either to disavow the investment and pursue the fund, or to sanction the investment and claim the property in which the fund was invested; and they have elected the latter alternative by bringing these actions.

The case of *Farr* v. *Gilreath* (23 *S. C.*, 502), relied on by counsel for appellants, differs materially from this case. There the land in question was not devised to the remaindermen at all, but only the proceeds of the sale of the land were directed to be divided amongst them, and the trustee was expressly empowered to sell. The remaindermen never had any interest in the land, and hence were not necessary parties to the proceeding for its sale. The real question in that case was whether the fact that the sale was made prior to the termination of the life estate, when the will provided that it should be made afterwards, rendered the same invalid, and the court held that inasmuch as the postponement of the sale until after the death of the life-tenant was manifestly intended only for her benefit, and inasmuch as the life-tenant had herself applied for the order of sale as necessary for her interests, it should be sustained, even though made in advance of the time contemplated by the will. We are unable to see how that case affords any support for the position contended for by appellants in these cases now under consideration.

We think it clear, under the authority of the case of *Moseley* v. *Hankinson*, *supra*, that the sales made by the trustee, under a proceeding to which the remaindermen were not parties, could not divest their interests. Nor do we see any ground upon which the plaintiffs are estopped from now setting up their claim. When the sales were made, they could not have interposed. The life-tenant and the trustee being parties to the proceeding under which the order of sale was obtained, the sale of the life estate of Mrs. Tillman was valid, and no one had a right to interpose any objection.

Finally, it is urged by the appellants that in no event can the plaintiffs maintain these actions for the recovery of the possession of real estate, because they have not got the legal title, the same being in the trustee. We do not understand that the will created

any trust for the remaindermen. The trust was for the life tenants, and when those estates terminated, the several shares were given directly and absolutely to the children. There was no direction that the trustees should hold the property for the use of the children, or even that they should divide the same amongst the children, but upon the death of the life tenant, the property is "to be equally divided amongst her children and their heirs forever, the legal representatives of any child of my grand-nieces who may have died to be entitled to the same share as his or her parent would have been if living." It seems to us that this was a direct and absolute devise or bequest to the children, unencumbered with any trust.

It is true that the devise to the trustees and to their heirs would seem to import a devise of the fee to them, but it is well settled that, no matter how ample may be the terms in which a devise to trustees may be made, they will only take such estate as may be necessary to the complete execution of the trust created. Here the trust was only for the life of the grand-niece, Mrs. Tillman, and upon her death the trust terminated, and the absolute devise to the children in remainder was unaffected with any trust. We agree, therefore, with the Circuit Judge, that "when Mrs. Tillman died, the fee in the land sold vested absolutely in these plaintiffs," and hence they were entitled to recover possession of the land.

The judgment of this court is, that the judgment of the Circuit Court, in each of the cases stated in the caption of this opinion, be affirmed.